IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  12-cv-00506-LTB-KMT

JOSHUA TERRY,

        Plaintiff,

v.

LEGAL COLLECTION CO., LLC, a Colorado limited liability company,

        Defendant.

_____

ORDER
_____

This matter is before me on a Motion for Summary Judgment filed by Defendant, Legal Collection Company, seeking summary judgment in its favor on Plaintiff 's claim that it violated the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et. seq.* (the "FDCPA"). [**Doc # 14**] Plaintiff, Joshua Terry, opposes this request. Oral argument would not materially assist me in the determination of this motion. For the following reasons, I DENY the motion.

I.  UNDISPUTED FACTS

The following facts are undisputed. Defendant and Plaintiff entered into a stipulated agreement for the payment of a consumer debt, and Plaintiff satisfied the terms of that payment agreement. However, Defendant subsequently filed a collections action in a Denver County Court in which it sought and obtained a default judgment against Plaintiff. After obtaining the default judgment, Defendant's lawyer – Charles B. Darrah and Associates, LLC – pursued a Writ of Garnishment against the Plaintiff. Defendant then served the Writ of Garnishment on

Plaintiff's bank who, in turn, froze Plaintiff's assets in an amount necessary to satisfy the Writ. That action caused Plaintiff's bank account to be deficient, resulting in Plaintiff's checking and debit card transactions to be overdrawn or to "bounce." The bank charged Plaintiff fees for each overdrawn transaction, as well as a "legal fee" for processing the Writ.

Thereafter, Plaintiff contacted Charles B. Darrah and Associates to discuss the apparent error. Charles B. Darrah and Associates acknowledged the error, and removed the Writ and freed up the frozen assets in Plaintiff's bank account. However, after Defendant allegedly refused to fully reimburse Plaintiff for his costs and/or expenses incurred by him as a result of the Writ, Plaintiff brought this lawsuit against Defendant alleging various violations of the FDCPA.

## II. Standard of Review

When deciding a motion under Fed. R. Civ. P. 56, summary judgment shall be granted for the movant if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Id.* 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the plaintiff and

drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for the plaintiff. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 252; *Mares v. ConAgra Poultry Co.,* 971 F.2d 492, 494 (10th Cir. 1992).

### III. Analysis

The parties agree that Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3), and the debt at issue in this case is a consumer debt, as defined by 15 U.S.C. §1692a(5). At issue in this motion, however, is whether Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6), which provides, in part, that the term "debt collector" means:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . .

In support of its motion, Defendant asserts that all the alleged improper actions that form the basis of this case – specifically, the improper filing of and obtaining the default judgment in the collections action, and then executing on the related Writ of Garnishment – were acts committed by it attorney, Charles B. Darrah and Associates, LLC, not by Defendant, Legal Collection Company, LLC. Although Defendant concedes that it is a licensed debt collector in the State of Colorado, it argues that it was acting as a creditor/party the Denver County collections action, not a debt collector. Thus, Defendant argues that it is not subject to the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) (ruling that to be held directly liable for violation of the FDCPA, a defendant must fall within the Act's definition of "debt collector").

In response, Plaintiff notes that Defendant admitted in its Answer to the Complaint, that it was "a 'debt collector' as that term is defined by 15 U.S.C. § 1692a(6)," raising a material

issue of fact precluding summary judgment. [See Doc # 5, ¶2; Doc # 1, ¶9]  Plaintiff also asserts that there is a material issue of fact as to whether Defendant and Charles B. Darrah and Associates, LLC, are, in fact, the same entity as public records show that Mr. Charles B. Darrah is the registered agent and apparent sole owner of both entities.  In addition, Plaintiff refers me to legal authority that supports its contention that Defendant should be held vicariously liable under the FDCPA, for the conduct of its attorney in collecting debts on its behalf.  *See Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1096 (C.D. Cal. 2006).

Based on the foregoing contested issues of material fact and questions of law, as asserted by Plaintiff, I DENY Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. [**Doc # 14**].

Dated: December   28  , 2012 in Denver, Colorado.

                                                BY THE COURT:

                                             s/Lewis T. Babcock
                                          LEWIS T. BABCOCK, JUDGE